IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | | |
|---|---|---|
| Glasco Flowers | : | |
| 3342 Windsor Place | : | |
| Apartment B | : | |
| Canton, Ohio 44710 | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| Alberto Jimenez, Oak Transportation and | : | No. |
| Freight, LLC, JAD Trucking, LLC, and | : | |
| Torre Services, Inc. | : | |
| | : | |
| Defendants. | : | |

## VERIFIED COMPLAINT

Rhonda Hill Wilson, Esq.
rhwilson@philly-attorney.com
The Law Office of Rhonda Hill Wilson, Esq.
1500 John F. Kennedy Blvd., Suite 820
Philadelphia, PA 19102
Telephone: (215) 972-0400
Fax: (215) 972-6756

Plaintiff brings this action against Defendants by and through his attorney, Rhonda Hill

Wilson, Esquire, of The Law Offices of Rhonda Hill Wilson, PC.

## I.  LOCAL CIVIL RULE 10.1 STATEMENT

1.      The mailing addresses of the parties to this action are:

Glasco Flowers
3342 Windsor Place
Apartment B
Canton, Ohio 44710

Alberto Jimenez
675 Longview Drive
1200 S. Cedar Crest Blvd.
Toms River, New Jersey 08753

Oak Transportation and Freight, LLC
1139 East Jersey Street
Elizabeth, New Jersey 07201

JAD Trucking, LLC
1139 East Jersey Street
Elizabeth, New Jersey

Torre Services, Inc.
23 Commerce Road
Fairfield, New Jersey, 07444

## II.  THE PARTIES

2.      Plaintiff Glasco Flowers is an adult individual who is a citizen of the State

of Ohio and presently resides at 3342 Windsor Place, Apartment B, Canton, Stark

County, Ohio, 44710.

3.      Defendant Alberto Jimenez  is an adult individual who at the time of the

subject incident was a resident of the State of New Jersey with a last known physical

address of 675 Longview Drive, Toms River, Ocean County, New Jersey, 08753. It is

believed and therefore averred that he is a citizen of the State of New Jersey.

4.      Defendant Oak Transportation and Freight LLC is a domestic limited liability company with a registered business address of 1139 East Jersey Street, Elizabeth, Union County, New Jersey, 07201.  It is believed and therefore averred that this company is a citizen of the State of New Jersey.

5.      Defendant JAD Trucking, LLC is a domestic limited liability company with a registered business address of 1139 East Jersey Street, Elizabeth, Union County, New Jersey, 07201. It is believed and therefore averred that this company is a citizen of the State of New Jersey.

6.      Defendant Torre Service, Inc. is a domestic limited liability company with a registered business address of 23 Commerce Road, Fairfield, New Jersey, 07444. It is believed and therefore averred that this company is a citizen of the State of New Jersey.

### III. JURISDICTION AND VENUE

7.      Jurisdiction of this court is based upon 42 U.S.C. §1332(a), diversity of citizenship.

8.      Venue is proper in this Court under 28 U.S.C. § 1391 because several of the Defendants in this action are located and reside in this judicial district, and all Defendants reside in the State of New Jersey.

### IV. FACTUAL ALLEGATIONS

9.      The facts and occurrences hereinafter stated took place on January 12, 2016 at approximately 8:50 a.m. at the westbound lane of SR 80 in Pine Township, Clearfield County, Pennsylvania.

10.      At all relevant times of the accident, Plaintiff was the operator of the 2014 Freightliner tractor-trailer truck, which was owned by Penske Trucking.

11.     At all relevant times of the accident, Defendant Alberto Jimenez was the operator of the 2010 Peterbilt tractor-trailer truck, which was owned by Defendant Oak Transportation and Freight, LLC also known as JAD Trucking, LLC, US DOT 02819646 and was hauling a Wabash Trailer with Tag No. TNS 17Z owned by Torre Service, Inc. and operating said tractor trailer under the course and scope of his employment and/or contract with the Defendants.

12.     Plaintiff and a third tractor-trailer truck (who is not a named party in this action) were slowed for traffic that was slowing ahead due to the road conditions.

13.     Defendant Alberto Jimenez was travelling too fast for the conditions and unable to slow his vehicle while in time causing its trailer to go sideways across both lanes of traffic and strike the Plaintiff who was then pushed forward into the rear of third vehicle.

### COUNT I

### GLASCO FLOWERS V. ALBERTO JIMENEZ , OAK TRANSPORTATION AND FREIGHT, LLC , JAD TRUCKING, LLC and TORRE SERVICE, INC.

### NEGLIGENCE

14.     Plaintiff Glasco Flowers, incorporates by reference paragraphs 1 through 13 of the Plaintiff's Complaint as if same were set forth herein at length.

15.     Defendant Alberto Jimenez, was an employee of Defendants and while under the course and scope of his employment with the Defendants Oak Transportation and Freight, LLC, JAD Trucking, LLC and Torre Service , Inc. was negligent as follows:

a)      Failure to make proper observations of the traffic on the roadway;

b)      Failure to yield to traffic on the roadway;

  c)  Failure to maintain an assured clear distance on the roadway;

  d)  Failure to drive at a safe speed in light of conditions.

  16.  In the alternative, Alberto Jiminez was an independent contractor and was contracted to haul products and services on behalf of the Defendants and the Defendants failed to confirm that the Defendant Alberto Jiminez maintained the minimum levels of financial responsibility as required by the Federal Motor Carrier Safety Administration, United States Department of Transportation.

  17.  As a result of the occurrence aforesaid and Defendant Alberto Jimenez's negligence, while under the course and scope of his employment with Defendant Oak Transportation and Freight, LLC,  JAD Trucking, LLC, and or Torre Service, Inc. or in the alternative, Defendants Alberto Jimenez under contract by the remaining Defendants,  the Plaintiff Glasco Flowers, was struck in the rear of his trailer and then caused to strike the tractor in front of him and sustained personal injuries, including but not limited to:  lumbar disc protrusion, lumbar pain, lumbar muscle spasms, and lumbar joint dysfunction, all of which caused him great pain and agony, and all of which may continue into the future, to his great detriment and loss.

  18.  Further, as a result of the aforesaid incident, and Defendant Alberto Jimenez's negligence, while under the course and scope of his employment with Defendant Oak Transportation and Freight, LLC,  JAD Trucking, LLC, and or Torre Service, Inc. or in the alternative, Defendants Alberto Jimenez under contract by the remaining Defendants, the Plaintiff was obliged to expend various sums of money for medical care, treatment and medicines, in and about his body endeavoring to treat and cure himself of said injuries, all of which may continue into the future, to his great financial

detriment and loss.

19.     As a result of the accident aforementioned, the Plaintiff has been unable to attend to his usual daily duties, and was and will be unable to do so for an indefinite time in the future, to his great detriment and loss, including loss of income.

20.     The Plaintiff's injuries were caused by the negligence of the Defendants as herein before averred and not because of any actions by Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendants in an amount in excess of $75,000.00, plus costs, interest and other damages allowed by law.

### *COUNT II*

### *GLASCO FLOWERS V. ALBERTO JIMENEZ , OAK TRANSPORTATION AND FREIGHT, LLC , JAD TRUCKING, LLC and TORRE SERVICE, INC.*

### *NEGLIGENCE PER SE*

21.     Plaintiff Glasco Flowers, incorporates by reference paragraphs 1 through 20 of the Plaintiff's Complaint as if the same were set forth herein at length.

22.     This is a civil liability case in which it has become necessary for the Plaintiff, Glasco Flowers, to bring a lawsuit by reason of the Defendant Alberto Jimenez's negligence, while under the course and scope of his employment with Defendant Oak Transportation and Freight, LLC, JAD Trucking, LLC, and Torre Service, Inc. or in the alternative, Defendants Alberto Jiminez under contract by the remaining Defendants which resulted in physical and mental injuries to the Plaintiff. The bodily injuries sustained by the Plaintiff Glasco Flowers that form the basis of this lawsuit were caused by the negligence and negligence per se of Defendants.

23.     At all times material to this lawsuit, statutory and regulatory duties imposed

by the Commonwealth of Pennsylvania were in full force and effect that were designed to protect drivers of motor vehicles in Pennsylvania, of which Glasco Flowers was a member. As a member of such class, Glasco Flowers was entitled to protection of these laws, namely Title 75, Section 3714 of the Pennsylvania Motor Vehicle Code and the rules and regulations promulgated thereunder.

24.     Defendant Alberto Jimenez, while under the course and scope of his employment with Defendant Oak Transportation and Freight, LLC,  JAD Trucking, LLC, and or Torre Service, Inc. or in the alternative, Defendants Alberto Jiminez  violated this law by failure to make proper observations of the traffic on the roadway and failure to yield to traffic, thus striking the Plaintiff's vehicle.

25.     As a result of the occurrence aforesaid and Defendant Alberto Jimenez's negligence, while under the course and scope of his employment with Defendant Oak Transportation and Freight, LLC,  JAD Trucking, LLC, and or Torre Service, Inc. or in the alternative, Defendants Alberto Jiminez, the Plaintiff Glasco Flowers, sustained personal injuries, including but not limited to: lumbar disc protrusion, lumbar pain, lumbar muscle spasms, and lumbar joint dysfunction, all of which caused him great pain and agony, and all of which may continue into the future, to his great detriment and loss.

26.     Further, as a result of the aforesaid incident, and Defendant Alberto Jimenez's negligence, while under the course and scope of his employment  with Defendant Oak Transportation and Freight, LLC,  JAD Trucking, LLC, and or Torre Service, Inc. or in the alternative, Defendants Alberto Jiminez, the Plaintiff Glasco Flowers, was obliged to expend various sums of money for medical care, treatment and medicines, in and about his body endeavoring to treat and cure himself of said injuries, all

of which may continue into the future, to his great financial detriment and loss.

27.     As a result of the accident aforementioned, the Plaintiff Glasco Flowers has been unable to attend to his usual daily duties and was and will be unable to do so for an indefinite time into the future, to his great detriment and loss, including loss of income.

28.     Each and all of the aforementioned acts and omissions, constitute negligence and negligence per se and were a direct and proximate cause of the accident that forms the basis of this lawsuit  resulting injuries, and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants in an amount in excess of $75,000.00, plus costs, interest and other damages allowed by law.

### *COUNT III*

### *GLASCO FLOWERS V. OAK TRANSPORTATION AND FREIGHT, LLC JAD TRUCKING, LLC AND TORRE SERVICE, INC.*

### *NEGLIGENT ENTRUSTMENT*

29.     Plaintiff  Glasco Flowers, incorporates by reference paragraphs 1 through 28 of the Plaintiff's Complaint as if the same were set forth herein at length.

30.     Defendants were the owners of the tractor trailer driven by Defendant Alberto Jimenez at all times relevant hereto.

31.     Defendants had a duty to preclude Defendant Alberto Jimenez from driving their tractor trailer, knowing he was not capable and competent to do same.

32.     Defendants had a duty to preclude Defendant Alberto Jimenez from driving their motor vehicle, knowing he was not financially responsible pursuant to the laws and regulations of the state of New Jersey and the federal laws and regulations pertaining to the Federal Transportation Act and its accompanying regulations.

33.     Defendant Alberto Jimenez was an agent, employee, servant and/or workman of Defendants at the time of the accident and acting within the scope of his employment and as such was an agent acting on the behalf of his employer (s).

34.     As a direct and proximate result of the negligence and negligence per se of Defendants, Plaintiff Glasco Flowers suffered severe personal injuries and damages including but not limited to:  lumbar disc protrusion, lumbar pain, lumbar muscle spasms, and lumbar joint dysfunction, all of which caused him great pain and agony, and all of which may continue into the future, to his great detriment and loss.

35.     Further, as a result of the aforesaid incident, the Plaintiff was obliged to expend various sums of money for medical care, treatment, medicines, and medical supplies in and about his body endeavoring to treat and cure himself of said injuries, all of which may continue into the future to his great financial detriment and loss.

36.     As a result of the accident aforementioned, the Plaintiff has been unable to attend to his usual daily duties and will be unable to do so for an indefinite time into the future to his great detriment and loss, including loss of income.

37.     The Plaintiff's injuries were caused solely by the negligence of the Defendants as hereinbefore averred, and not because of any actions by him.

**WHEREFORE,** Plaintiff demands judgment against Defendants in an amount in excess of $75,000.00, plus costs, interest and other damages allowed by law.

Dated: October 13, 2017

Rhonda Hill Wilson, Esquire
I.D. No. 34813
Law Offices of Rhonda Hill Wilson, P.C.
1500 J.F.K Blvd., Suite 820
Philadelphia, PA 19102
(215) 972-0400
Rhwilson@philly-attorney.com

## VERIFICATION

I, Glasco Flowers, hereby verify that:

1. I am the Plaintiff in this action;

2. I have reviewed the foregoing Verified Complaint; and

3. I verify under penalty of perjury that the facts set forth in the Verified Complaint are true and correct to the best of my knowledge.

Executed this the 10th day of October, 2017 in Canton, Ohio.

Glasco Flowers